RAYMOND, respondent, *v.* THEXTON ET AL., appellants.

7   313¹
7   447
7   483
7   484

PLEADING. — *A demurrer held bad, and the pleadings held sufficient to support the judgment.* —Held, in the case at bar, upon an examination of the judgment roll, that the demurrer to the amended complaint was properly overruled, and that the pleadings support the judgment.

*Appeal from District Court, Madison County.*

JAMES E. CALLAWAY, for the appellants. No brief on file.

HENRY N. BLAKE and W. T. PIGOTT, for the respondent. No brief among the files.

STATEMENT.

The pleadings were as follows: —

AMENDED COMPLAINT.

Comes now Winthrop Raymond, the plaintiff above named, and files herein this his amended complaint, and for cause of action against defendants, George Thexton, Sen., and Thomas Deyarmon (hereby dismissing as to George Thexton, as executor, named as co-defendant in the original complaint), alleges: —

1. That heretofore, to wit, on or about the first day of August, A. D. 1885, at the county of Madison, aforesaid, he was employed by said defendants George Thexton, Sen., and Thomas Deyarmon, and one John R. Thexton, at their special instance and request, for the consideration hereinafter mentioned and specified, to bring about, induce, or effect a sale of two certain quartz mining claims, to wit, the Alameda and Wakoosta quartz mining claims, situate in the aforesaid county of Madison, at the price of thirty thousand dollars, or of said quartz mining claims and the ores on the dump thereof, at the price of thirty-five thousand dollars, to one J. H. Ramsey, or the company by him represented,

to wit, the New York and Montana Mining and Milling Company.

2. Plaintiff further alleges and charges that said defendants and John R. Thexton aforesaid, for and in consideration of the said employment, and for work, labor, and services to be by plaintiff done and performed in and about the premises, under and by virtue of said employment, did then and there promise him, plaintiff, and then and there contract and agree with him, that in case he, plaintiff, would bring about, effect, or induce a sale of said two quartz mining claims to said Ramsey, or said company, at the aforesaid price of thirty thousand dollars, they, said defendants and John R. Thexton, would pay plaintiff, as and for his compensation for the work, labor, and services of plaintiff in and about said employment, the sum of five thousand dollars, provided the ores on said dumps netted said defendants and said John R. Thexton the sum of five thousand dollars; and that in case said ores yielded less than the sum last mentioned to them, they would pay plaintiff a proportionally less sum as compensation aforesaid; and then and there further promised plaintiff, and contracted and agreed with him, that if he would bring about, effect, or induce a sale of said quartz mining claims, with the ores on the dumps thereof, to said Ramsey, or said company by him represented, at the price of thirty-five thousand dollars, they would pay plaintiff, as and for the compensation in and about the employment aforesaid, the sum of five thousand dollars.

3. Plaintiff further alleges that, relying upon the aforesaid contract, agreement, and promise, and in pursuance of said employment, he did thereafter bring about, induce, or effect a sale of said quartz mining claims to the company represented by said Ramsey, to wit, the New York and Montana Mining and Milling

Company, at the aforesaid price of thirty thousand dollars; and plaintiff further alleges, upon his information and belief, and charges that the said company did, on or about the nineteenth day of February, A. D. 1887, purchase and buy said quartz mining claims, and that the aforesaid purchase price of said quartz mining claims, to wit, thirty thousand dollars, has been heretofore fully paid to the persons thereto entitled. Plaintiff alleges that said sale to and purchase by said company was brought about, effected, and induced by the work, labor, and services of plaintiff, done and performed in that behalf by virtue of said employment and contract by and with said defendants and John R. Thexton. Plaintiff further says that he is credibly informed and verily does believe, and therefore upon his information and belief alleges and charges the fact to be, that said defendants and John R. Thexton have realized the net sum of five thousand dollars from the said ores on the dumps aforesaid.

4. Plaintiff further alleges that he has duly performed, all and singular, the terms and conditions of said contract and agreement upon his part, and is therefore justly entitled to said sum of five thousand dollars for his work, labor, and services aforesaid in and about said employment by him so rendered, as herein aforesaid, in accordance with the terms, conditions, and provisions of said contract and agreement.

5. But plaintiff alleges that, although thereunto requested, the defendants, as well as John R. Thexton, have ever failed, neglected, and refused to pay said sum of five thousand dollars to plaintiff, and now do yet fail, neglect, and refuse to pay the same, or any part thereof, and that the same is now wholly unpaid and due.

6. Further complaining, plaintiff alleges that the defendants herein are justly indebted to him in the sum of five thousand dollars upon an account for work, labor,

and services by plaintiff, done or performed in or about the month of August, A. D. 1885, at the special instance and request of said defendants and said John R. Thexton, in and about the sale and purchase of the Alameda and Wakoosta quartz mining claims to the New York and Montana Mining and Milling Company; that said work, labor, and services were and are reasonably worth said sum of five thousand dollars; that neither the defendants nor said John R. Thexton have or has paid the same, or any part thereof.

7. Plaintiff further alleges that the above-named John R. Thexton departed this life on the twenty-eighth day of October, A. D. 1886; wherefore, the premises considered, plaintiff demands judgment against said defendants for the sum of five thousand dollars ($5,000), for interest accruing, and for costs of action.

HENRY N. BLAKE,<br>W. T. PIGOTT,<br>Attorneys for Plaintiff.

To said amended complaint defendants filed the following demurrer:—

Come now the defendants in said cause, and demur to said complaint, and as grounds therefor allege:—

1. That said complaint does not state facts sufficient to constitute a cause of action.

2. That the agreement set forth and relied on is void. It is not in writing, and by the terms thereof is not to be performed within one year from the making thereof.

E. J. CONGER, Attorney for Defendants.

Said demurrer was overruled, and the defendants filed the following answer:—

The defendants, for answer to the plaintiff's amended complaint, allege:—

Deny that about August 1, 1885, or at any time or place, or in any manner, or at all, or for any consideration whatever, the plaintiff was employed, or had any

agreement or contract of hiring or employment, with the said defendants, George Thexton, Sen., and Thomas Deyarmon, and one John R. Thexton, or either of them, to bring about or induce or effect the sale of two certain quartz mining claims, named the Alameda and Wakoosta, or any quartz mining claims, with or without ores on the dump, at the price of thirty thousand dollars, or thirty-five thousand dollars, or at any price or sum, or at all, to one J. H. Ramsey, or the company by him represented.

Deny that said defendants and one John R. Thexton, or either of them, promised or contracted then and there, or elsewhere, or at any time or place, or in any manner promised or contracted to pay plaintiff the sum of five thousand dollars, or any sum or amount, as compensation in and about services or work and labor performed by said plaintiff, as set forth in plaintiff's complaint, or for any purpose, or at all.

Deny that said plaintiff ever performed any work, labor, or services, or other matter or thing, to bring about or induce or effect the sale of said quartz mining claims to the said J. H. Ramsey, or any company by him represented, with the knowledge or consent of the defendants, or either of them, or at their instance or request, or for any promise of hire or reward, or the hope thereof; deny that said quartz mining claims mentioned, and the ore on the dump, were or have been sold in manner and form as set forth in plaintiff's complaint; nor was any sale or transfer or purchase thereof brought about or effected, or induced in any manner, or at all, by the work, labor, or services of plaintiff.

Deny the defendants, or either of them, are indebted to said plaintiff in the sum of five thousand dollars, or in any sum or amount, upon any account for work, labor, or services by plaintiff done and performed in or about the month of August, 1885, or at any other time, in and

about the sale of or the purchase of two quartz mining claims, Alameda and Wakoosta, by said New York and Montana Mining and Milling Company.

Deny that plaintiff is justly entitled, or at all, or in any manner entitled, to demand or receive from the defendants, or either of them, the sum of five thousand dollars, or any part thereof, or any sum or amount, by reason of any contract, express or implied, or by reason of any work, labor, or services done or performed by plaintiff in or about the sale or purchase of said two mines, or any mines or mining claims whatever, to J. H. Ramsey, or any company by him represented.

Deny that defendants and John R. Thexton, or either of them, at any time, or at all, promised, agreed, or contracted in any manner to pay plaintiff the sum of five thousand dollars, or any sum or amount, on the conditions in his complaint set forth, or any part thereof, as compensation, or for any purpose, or. on any account, agreement, or contract whatever.

Deny that defendants, or either of them, contracted or agreed with plaintiff in any manner or form, as alleged in the complaint, or in any manner or form, or at all.

For further answer the defendants say that the plaintiff's cause of action is barred by the statute of Montana (chapter 13, article 1, section 166, Revised Statutes 1879); that no note or memorandum in writing, expressing the consideration, was ever made of any such contract or agreement as is alleged in the complaint, in writing, or signed by the parties to be charged therewith.

Wherefore the defendants pray judgment for their costs and expenses.          E. J. CONGER,

SAMUEL WORD,

Defendants' Attorneys.

The replication to said answer was as follows: —

And now comes said plaintiff, and in reply to the answer of the said defendants, denies that the cause of

action of this plaintiff is barred by the provisions of chapter 13, article 1, section 166, of the Revised Statutes of Montana, or any part thereof.

Wherefore plaintiff prays judgment according to the prayer of his amended complaint on file herein.

HENRY N. BLAKE,<br>
W. T. PIGOTT,<br>
Attorneys for Plaintiff.

The verdict of the jury and judgment were in favor of the plaintiff.

GALBRAITH, J.   The action of this court in sustaining the motion to strike out certain portions of the transcript in this case leaves nothing to be inquired into except the judgment roll.   To anything contained in this there is no objection.   The only questions, therefore, before us for consideration are, whether or not the court erred in overruling the demurrer to the amended complaint, and whether or not the pleadings support the judgment.   Upon examination, we find both in the affirmative.   The appellants have filed no brief, nor presented any arguments.   The demurrer was properly overruled, and the pleadings sustain the judgment.

The judgment is affirmed, with costs.

*Judgment affirmed.*

McLEARY, J., and BACH, J., concur.